**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0448-23

JERSEY CITY IAFF LOCAL
1066,

     Plaintiff-Appellant,

v.

CITY OF JERSEY CITY,

     Defendant-Respondent.

_____

Argued October 9, 2024 – Decided December 10, 2024

Before Judges Currier, Paganelli, and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3451-22.

Michael A. Bukosky argued the cause for appellant (Loccke, Correia & Bukosky, LLC, attorneys; Michael A. Bukosky, of counsel and on the briefs).

Ryan S. Carey argued the cause for respondent (Apruzzese, McDermott, Mastro & Murphy, PC, attorneys; Ryan S. Carey, of counsel and on the brief).

PER CURIAM

Plaintiff is the union representative of all non-supervisory firefighters employed by defendant, City of Jersey City. Plaintiff filed a complaint on behalf of its members seeking a declaratory judgment that two policies implemented by the City were unlawful employment practices. The first policy disqualifies a firefighter who is on sick or injury leave from receiving a promotion (promotion policy); the second penalizes firefighters for taking a certain amount of sick or injury leave within a year (excessive leave policy).

Plaintiff alleged that firefighters who take sick or injury leave are considered disabled. Therefore, the policies violate the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, in failing to accommodate the pertinent firefighters, and retaliating against those who take sick or injury leave without consideration of the reasons for the leave.

The trial court dismissed plaintiff's second amended complaint under Rule 4:6-2(e), finding plaintiff failed to establish the prima facie elements required for disability discrimination under the LAD. After a careful review, we reverse.

I.

As an incorporated association, plaintiff is entitled to seek relief under the Declaratory Judgment Act (Act), N.J.S.A. 2A:16-50 to -62, and challenge the validity of the excessive leave policy. As to the promotion policy, we are

satisfied plaintiff presented sufficient evidence of direct discrimination and retaliation to survive the dismissal motion.

Plaintiff became aware of the previously undisclosed promotion policy when firefighter Richard Mulligan was denied a promotion to captain while he was on injury leave.[1] Mulligan broke his foot while on duty in June 2022. He was expecting a promotion to captain on July 1. However, when he arrived at the promotion ceremony with his family, he learned he would not be promoted because he was on injury leave. Mulligan filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission, stating he was discriminated against due to his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to -12213. Although he was eventually promoted, the delay affected his seniority status.

Plaintiff sent the City a letter objecting to the promotion policy and requesting a copy of it. Plaintiff demanded that Mulligan and all other similarly situated firefighters "be immediately accommodated and made whole including setting a retroactive promotion date for the period they were declared ineligible."

---

[1] Due to the posture of this case as a dismissal under Rule 4:6-2(e), the record is comprised solely of the complaint, trial briefs, and court orders. We derive the facts from the allegations pled in the complaint.

In response, the City denied it had implemented any policy but admitted it had determined "that a firefighter who is unable to perform the duties of a fire captain would not be promoted at that time."  The City stated:  "It would be absurd . . . to promote an individual out on sick/injury leave and pay the individual additional salary when the individual is not able to return to work and carry out the functions of the position."  "When the subject firefighter returns to work, able to perform the duties of his position, including the essential functions as Fire Captain, the City will consider his promotion."

The City also adopted by ordinance, General Order #19-16 from the Department of Public Safety, Division of Fire regarding disciplinary action for excessive absenteeism and sick leave.  The provisions read:

> 6.3 EXCESSIVE ABSENTEEISM
>
> 6.3.1 Excessive absenteeism is defined as repeated or prolonged periods of absence or chronic undocumented absences from a recurring illness or injury, short periods of being absent on sick leave or a prolonged period of absence from duty.
>
> 6.3.2 It shall be the responsibility of every Officer to monitor the sick leave/injury leave performance of their subordinates and report possible excessive absenteeism to their Battalion Chief for review and counseling with the affected member and will serve as an oral reprimand as per Section 12 of this General Order.

4

A-0448-23

6.3.2.1 The Officer shall log the reprimand in the Officers Company Journal and also report the reprimand to the Medical Services Unit.

6.3.3 A pattern of use of sick time in conjunction with days off, weekends, holidays, or contractual summer vacations and/or holiday seasons.

6.3.4 Three (3) or more illnesses within any twelve (12) month period of time.

## 12. EXCESSIVE SICK LEAVE

12.1 Excessive Sick Leave shall be defined as repeated or prolonged periods of absence, or chronic undocumented absences from a recurring illness, short periods of being absent on sick leave or a prolonged period of absence from duty. Further, to ensure standardized treatment o[f] members within the Division of Fire, Department of Public Safety, whose record indicates excessive sick leave the below policy will be adhered too.

12.2 When a member's sick leave record indicates excessive sick leave, the Medical Services Unit will prepare a Preliminary Notice of Disciplinary Action and forward it to the Office of the Chief for action.

12.3 The Chief's Office will forward the charges through the Tour Commander to the Company Commander. The member will be served and a hearing will be conducted as per the contractual parameters and Department of Personnel Rules and Regulations. If the charges are sustained, the Office of the Chief will issue the following progressive discipline, at a minimum:

12.3.1 First violation—Counseling/Oral Reprimand

A-0448-23

12.3.2  Second  violation—Written  Reprimand/Form 1798

12.3.3 Third violation—Loss of two (2) Compensatory Days

12.3.4  Fourth  violation—Loss  of  four  (4) Compensatory Days

12.3.5 Fifth violation—Loss of six (6) Compensatory Days

12.3.6  Subsequent  violations—Major  discipline including loss of additional accrued time, suspension, fine, and up to termination.

In its complaint, plaintiff alleged its members' use of sick leave was protected under the LAD and the City's issuance of violations for excessive absenteeism and sick leave violated the statute.

The City moved to dismiss the complaint, contending the pleading failed to identify the persons who allege they have been discriminated against, as well as their disabilities, the timeframe of the allegations, and when the accommodation requests were made. Defendant also asserted that a declaratory judgment action was not the appropriate relief and plaintiff failed to join indispensable parties.

On September 13, 2023, the trial court granted defendant's motion and dismissed the amended complaint for failure to state a claim without prejudice.

A-0448-23

In the accompanying decision, the court found plaintiff did not "sufficiently ple[ad] the elements of disability discrimination" under the LAD and failed to "assert that any of those named in the [a]mended [c]omplaint fall within any of [the statute's] protected classes."

In addition, the court found "indispensable parties . . . necessary to the judgment are missing and must be joined . . . to move forward with [the] action," since, if damages were to be awarded, they would go to plaintiff and not to the individuals who were the subject of the City's discriminatory policies. The court opined "[t]he defects in the [a]mended [c]omplaint are more than enough to warrant dismissal at this stage."

## II.

Our review of a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

In considering a Rule 4:6-2(e) motion, a "court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). "The essential test [for determining the

adequacy of a pleading] is simply 'whether a cause of action is suggested by the facts.'" Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (internal quotation marks omitted)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability . . . of plaintiffs to prove the allegation contained in the complaint." Printing Mart-Morristown, 116 N.J. at 746.

To withstand a Rule 4:6-2(e) motion, a plaintiff must present "the essential facts supporting [its] cause of action[, and] . . . conclusory allegations are insufficient in that regard." Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012).

Plaintiff, on behalf of its members, sought a declaratory judgment regarding the validity of the pertinent policies. "The purpose of the [Declaratory Judgments Act (Act), N.J.S.A. 2A:16-50 to -62,] is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations.'" Williams v. Borough of Clayton, 442 N.J. Super. 583, 591 (App. Div. 2015) (quoting N.J.S.A. 2A:16-51).

N.J.S.A. 2A:16-53 states,

> A person . . . whose rights, status or other legal relations are affected by a statute [or] municipal ordinance, . . . may have determined any question of construction or validity arising under the . . . statute [or] ordinance . . .

and obtain a declaration of rights, status or other legal relations thereunder.

N.J.S.A. 2A:16-50 defines "person" as "any person, partnership, . . . unincorporated association or society, and municipal or other corporation of any character."

The trial court did not address plaintiff's request for a declaratory judgment or the excessive leave policy. That policy is a municipal ordinance adopted by the City and plaintiff alleged its members have been disciplined under the policy. As an incorporated association, plaintiff is entitled to seek relief and challenge the policy's validity under the Act. Therefore, it was error to dismiss the allegations in the complaint under Rule 4:6-2(e) regarding the excessive leave policy.

We turn to the dismissal of the allegations concerning the promotion policy. In granting the City's motion, the court found the complaint did not specify details regarding particular firefighters who were affected by the City's policy and their disabilities and requested accommodations.

Plaintiff may bring an action on behalf of its members. See N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 416 (App. Div. 1997) (explaining "an association has standing to sue as the sole party plaintiff when it has a real stake in the outcome of the litigation, there is a real adverseness in

9

the proceeding, and the complaint 'is confined strictly to matters of common interest and does not include any individual grievance which might perhaps be dealt with more appropriately in a proceeding between the individual [member] and the [defendant].'" (alterations in original) (quoting Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 109 (1971))).

Plaintiff alleged the City had implemented a policy rendering a firefighter ineligible for promotion if they were on sick or injury leave at the time of the firefighter's eligibility for promotion. Although not a written document, the City confirmed, in writing, its decision to implement this promotion policy. The complaint references one of plaintiff's members who was affected by the policy.

Plaintiff alleged temporarily disabled firefighters are a protected class under LAD and entitled to an accommodation. Plaintiff further alleged that denying an eligible firefighter a promotion without considering an accommodation is retaliatory and violates the LAD. Plaintiff alleges the promotion policy is facially discriminatory, and it has presented sufficient evidence of direct discrimination and retaliation to survive the dismissal motion regarding the promotion policy.

A-0448-23

In giving plaintiff every reasonable inference of fact, as we must, we are satisfied plaintiff has presented sufficient facts to support its cause of action. Therefore, we vacate the order of dismissal.

Vacated and remanded to the trial court for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0448-23